**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 95-40660
Summary Calendar

_____

GREAT PLAINS CAPITAL CORPORATION,

Plaintiff-Appellee,

versus

CHARLES E. WILLIAMS; WHITEHOUSE TRUE VALUE INC.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(6:92-CV-684)

_____

March 27, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Charles E. Williams challenges an adverse summary judgment, contending that the district court did not rule on his counterclaim.  We **AFFIRM**.

I.

Tyler National Bank brought this action in state court against Williams and Whitehouse True Value, Inc. (collectively "Williams") for promissory note default.  When the bank was declared insolvent,

---

[*]    Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the Federal Deposit Insurance Corporation was appointed as receiver, intervened, and removed the action to federal court. The district court treated the parties' briefs as a motion for summary judgment and response, and ordered that judgment be awarded the FDIC and that the FDIC be allowed to amend its pleadings to establish damages.

Williams' counsel withdrew before the FDIC filed its amended pleadings. Williams filed a *pro se* response to those pleadings and contends here that his response included a counterclaim. The case was reassigned, the FDIC moved for summary judgment, and the court granted the motion and entered judgment for the FDIC.

The district court granted the FDIC's motion to alter or amend judgment. Construing Williams' post-judgment pleadings as a response to the FDIC's motion to amend judgment and a motion for a new trial, the district court denied Williams' motion for a new trial. Great Plains Capital Corporation was substituted as the real party in interest.

## II.

*Pro se* pleadings "must be read in a liberal fashion and however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers". **Rodriguez v. Holmes**, 963 F.2d 799, 801 (5th Cir. 1992) (internal quotes and citations omitted). Williams maintains that his *pro se* response to the FDIC's amended pleadings included a counterclaim; he asserts that

2

the district court erred in entering judgment without addressing it. Although the claim in issue was not designated as a counterclaim, Williams' response can be construed liberally to present one.

In its order granting summary judgment, the district court stated that it had considered Williams' arguments and found them to be without merit. Furthermore, the district court denied Williams' motion for a new trial, which asked for a hearing on his counterclaim, on the basis that it raised no new grounds. Accordingly, the district court ruled on Williams' counterclaim.

Williams presented no evidence, only allegations, in his counterclaim and opposition to summary judgment. Because he did not present a genuine issue of material fact, summary judgment was appropriate. FED. R. CIV. P. 56(c).

### III.

For the foregoing reasons, the judgment is

**AFFIRMED.**